38 SEQUOIA ASSOCIATES, LLC, Plaintiff–Appellant,

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendant–Appellee.

No. 03–7591.

United States Court of Appeals, Second Circuit.

Nov. 8, 2004.

Vincent J. D'Elia, Jersey City, New Jersey, for Appellant.

Susan M. Dorgan, Donovan Parry McDermott & Radzik, New York, New York, for Appellee.

PRESENT: OAKES, SACK, and B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

This case involves an insurance dispute between 38 Sequoia Associates, LLC, (Sequoia) and Lumbermen's Mutual Casualty Company (Lumbermen's). The district court granted summary judgment in Lumbermen's favor, concluding that Sequoia took out a builder's risk insurance policy on a property that was not actually in the "course of construction," and that the policy was therefore void. This Court reviews the district court's ruling on a motion for summary judgment de novo. *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 547 (2d Cir.1998). The Court views the evidence and draws all inferences in the light most favorable to the nonmovant. *Id.* "The interpretation of the terms of a contract is a question of law and is reviewed de novo." *In re Holocaust Victim Assets Litig.*, 282 F.3d 103, 108 (2d Cir.2002).

The appeal presents a straightforward question of contract interpretation. The policy, on its own terms, "contains all the agreements between [the parties] concerning the insurance afforded." The policy defines "Covered Property" with respect to a list of five items. We construe that list to be exclusive because "we are not free to alter the plain terms of an agreement or to strain language beyond its reasonable and ordinary meaning." *Shaw Group Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 124 (2d Cir.2003). Those five items refer to real estate in two places. In the first instance, the real estate is described as "Building(s) or structure(s) while they are in the course of construction, installation, reconstruction or repair," and in the second instance as "Existing Building(s) or Structure(s) in the course of renovation or reconstruction." From the plain language of the policy, then, it is

clear that the policy only applies to buildings when those buildings are in the course of construction or renovation. "Buildings in the course of construction or renovation" means structures that are undergoing, currently, construction or renovations. This interpretation is supported by surrounding terms in the contract. Thus the district court's conclusion that, as a matter of law, the contract applies only to buildings that are undergoing construction or renovation must be affirmed.

It is undisputed that the South Olive Street building was not undergoing renovations or construction at any time from the time Sequoia purchased it to the time the loss was discovered. Sequoia states in its brief that it "expressed the inten[t] . . . to commence and complete the renovation." An intent to commence indicates that something has not yet started. Michel Attias, a Sequoia witness who was in charge of managing the South Olive Street Building, stated that there were no renovations during the time in question. Jacob Chetrit, the 80% owner of Sequoia, also stated that he had made no plans to renovate the building.

Sequoia's lack of renovations is dispositive. The policy, by its terms, applies only to buildings in the course of construction or renovation. Sequoia contends that its intent to start renovations, coupled with the previous owner's renovation work, amounts to a continuous stream of renovations such that the building should come within the terms of the contract. A plain interpretation of the contractual language cannot support such a reading. *Shaw Group Inc.*, 322 F.3d at 124. Viewing the evidence in the light most favorable to Sequoia, the record shows that the building was not undergoing renovations or construction.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.